JAMES KRUEGER, ESQ.      492
2065 Main Street, Suite 102
Wailuku, Maui, Hawaii  96793
Tel:  244-7444 (Maui)
      244-4177 (Facsimile)
Email:    mauswim@maulaw.net
Attorneys for Plaintiffs
#17-26P JK/gg

## UNITED STATES DSITRICT COURT

### DISTRICT OF HAWAI'I

| | |
|---|---|
| STEVE PELL, DIONNA PELL,<br>J. P. & L. P., minors<br>ERIN BARENS, SHANNON BAILEY<br>EMMA PELL, AND STEVI PELL,<br><br>       Plaintiffs,<br><br>    v.<br><br>FAIRMONT HOTELS & RESORTS,<br>INC. dba THE FAIRMONT KEA<br>LANI MAUI, JOHN DOES 1-5,<br>JOHN DOE CORPORATIONS 1-5,<br>JOHN DOE PARTNERSHIPS 1-5,<br>ROE NON-PROFIT CORPORATIONS<br> 1-5, AND ROE GOVERNMENTAL<br>AGENCIES 1-5,<br><br>       Defendants. | COMPLAINT FOR A CIVIL CASE<br>CASE NO. _____ |

C:\STEPHENS\COMPLAINT FED.docx

COMPLAINT

1.    At all times relevant herein, plaintiffs
were citizens of the State of California, North Dakota, and
New York.

2.    At all times relevant herein, plaintiffs
STEVE PELL and DIONNA PELL were husband and wife.

3.    At all times relevant herein, plaintiffs
J.P. & L.P., minors, and SHANNON BAILEY, EMMA PELL, and
STEVI PELL were the natural children of STEVE PELL and
DIONNA PELL.

4.    At all times relevant herein, defendant
FAIRMONT HOTELS & RESORTS, INC., a foreign corporation dba
THE FAIRMONT KEA LANI MAUI, (hereinafter "KEA LANI"), was
incorporated under the law of the state of Delaware, having
its principal place of business in the County of Maui,
State of Hawaii, and doing business therein.

5.    At all times relevant herein, KEA LANI
operated a resort and spa doing business and situate at
4100 Wailea Alanui Drive, Wailea, Maui, Hawaii.

6.    This Court has jurisdiction over the subject
matter of this proceeding and the parties named herein.
The events described herein occurred within the County of
Maui, State of Hawaii, and/or the ocean fronting the beach
in front of the KEA LANI, or adjacent thereto, so that
venue in this Court is proper.

7.    None of the abovementioned defendants are
citizens of the State of California, North Dakota, or New

York, are incorporated under the laws of California, North Dakota, or New York, or have their principal place of business thereat.

8.   No unidentified defendant was a citizen or resident of the States of California, North Dakota, or New York or incorporated under the law of the abovementioned States, or had its principal place of business thereat.

9.   There is complete diversity of citizenship between plaintiffs and defendants pursuant to 28 U.S.C. § 1332(a)(1).

10.   Plaintiffs allege, on information and belief, that, directly or indirectly, the conduct of other defendants, presently unknown to plaintiffs, was or may have been a legal cause of the occurrence complained of and/or the injury, damage, or loss thereby sustained by plaintiffs, as a result of which all defendants, unidentified and identified, may be legally, jointly and severally, liable to plaintiffs for their injuries and losses sustained, inasmuch as the conduct of each defendant may have coincided with and/or concurred with that of each and every other defendant, named or unnamed.

11.   On or about October 22, 2015, plaintiffs were guests at the KEA LANI.

12.   On or about October 22, 2015, defendants, and/or any of them, advised plaintiffs, and/or any of them,

that the ocean fronting the beach in front of the KEA LANI, or adjacent thereto, was a suitable and enjoyable body of water in which to swim.

13.   On or about October 22, 2015, plaintiff STEVE PELL, relying on defendants' advice, entered the ocean fronting the beach in front of the KEA LANI, or adjacent thereto, whereat he suffered paralyzing injury.

14.   Defendants, and/or any of them, in the exercise of reasonable care, knew that, for many years, the ocean fronting the beach in front of the KEA LANI. Or adjacent thereto, had been the cause of other bathers suffering spinal and other serious injuries.

15.   Defendants, and/or any of them, knew that the ocean fronting the beach in front of the KEA LANI, or adjacent thereto, had a well-known history in the County of Maui for the existence of shorebreak breaking thereat causing paralysis and other similar injuries to persons in the ocean thereat.

16.   On and before October 22, 2015, one or more guests of defendants, and/or any of them, had suffered spinal cord injury in the ocean fronting the beach in front of the KEA LANI, or adjacent thereto.

17.   Defendants, and/or any of them, knew that there existed in the ocean fronting the beach in front of the KEA LANI, or adjacent thereto, an unreasonably dangerous condition about which it failed to warn plaintiffs, and/or any of them.

N:\DIEGO\COMPLAINT FED.docx

18.   But for the recommendation and/or advice of defendants, and/or any of them, no plaintiff would have entered the ocean fronting the beach in front of the KEA LANI, or adjacent thereto, on or about October 22, 2015.

19.   The advice of defendants, mentioned above, was a cause of plaintiff STEVE PELL entering the ocean fronting the beach in front of the KEA LANI, or adjacent thereto.

20.   The conduct of defendants, and/or that of any of them, mentioned above, was negligent.

21.   As a legal result of the foregoing, on October 22, 2015, and thereafter, STEVE PELL suffered serious and permanent physical and mental distress, physical injury caused by the aforesaid dangerous aquatic conditions, etc., including quadriplegia, as well as medical, rehabilitative, and related expense resulting from care rendered for the injuries suffered by him, pain, limitation of activity, reduction of enjoyment of life's activities and marital consortium, impairment of earning capacity and/or loss of wage, and other related damages, as shall be proved at time of trial.

22.   As a further legal result of the foregoing, the remaining plaintiffs have sustained serious grief, as well as severe and permanent mental distress at seeing STEVE PELL suffer permanent spinal injury, diminution of the consortium, guidance, aloha, services, companionship, marital and/or parental relation, which they had enjoyed

N:\DIEGO\COMPLAINT FED.docx

with STEVE PELL before OCTOBER 22, 2015, and other related damages, as shall be proved at time of trial.

23.   The amount of damages suffered, and continuing to suffer, by plaintiffs, exclusive of the interest and costs, exceeds $75,000.00, and is sufficient to vest this Court with jurisdiction, pursuant to 28 U.S.C. § 1332(a).

24.   Plaintiff STEVE PELL engaged in no negligent conduct which was a legal cause of his injuries.

WHEREFORE, upon a hearing hereof, plaintiffs pray that judgment be entered in their favor and against defendants, and/or any of them, jointly and severally, for such damages as to which they shall be entitled pursuant to proof adduced at trial, together with costs of suit, attorney's fees, prejudgment interest, post-judgment interest, and such other and further relief as to which plaintiffs shall be entitled pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

DATED:  Wailuku, Maui, Hawaii,  ___OCT 20 2017___.


JAMES KRUEGER, ESQ.
Attorney for Plaintiffs


N:\DIEGO\COMPLAINT FED.docx