IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVE PELL; DIONNA PELL; J.P. & L.P., minors; ERIN BARENS; SHANNON BAILEY; EMMA PELL; and STEVI PELL,<br><br>               Plaintiffs,<br><br>   vs.<br><br>HMC KEA LANI LP; CCFH MAUI LLC; JOHN DOES 1-5; JOHN DOE CORPORATIONS 1-5; JOHN DOE PARTNERSHIPS 1-5; ROE NON-PROFIT CORPORATIONS 1-5; and ROE GOVERNMENTAL AGENCIES 1-5,<br><br>               Defendants.<br>_____ | CIVIL NO. 17-00529 DKW-KJM<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS HMC KEA LANI LP AND CCFH MAUI LLC'S BILL OF COSTS |

FINDINGS AND RECOMMENDATION TO GRANT
IN PART AND DENY IN PART DEFENDANTS HMC
KEA LANI LP AND CCFH MAUI LLC'S BILL OF COSTS

On September 13, 2019, Defendants HMC Kea Lani LP and CCFH Maui LLC (collectively, "Defendants") filed their Bill of Costs. ECF No. 150. On September 20, 2019, Plaintiffs Steve Pell ("Mr. Pell"), Dionna Pell, J.P. and L.P., minors, Erin Barens, Shannon Bailey, Emma Pell, and Stevi Pell (collectively, "Plaintiffs") filed their Objections to Defendants Cost Bill for Taxable Costs ("Objection"). ECF No. 152.

The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  After carefully considering the Bill of Costs, the parties' memoranda, and the record in this case, the Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Defendants' Bill of Costs as set forth below.

## BACKGROUND

This case arises from injuries Plaintiff Steve Pell ("Mr. Pell") sustained on October 22, 2015, while boogie boarding in the ocean fronting the Fairmont Kea Lani Resort (the "Resort") in Maui, which Defendants own and operate.  Mr. Pell was paralyzed as a result of his injuries.  At the time of the incident, Plaintiffs were guests at the Resort.  The Amended Complaint alleged that Defendants knew that the ocean fronting the Resort posed an unreasonably dangerous condition, but failed to warn Mr. Pell of such condition.

On June 5, 2019, Defendants filed a motion for summary judgment, asserting that they satisfied their duty to warn Mr. Pell of hazardous ocean conditions, pursuant to Hawaii Revised Statutes § 486K-5.5.  ECF No. 97.  On August 27, 2019, the district court granted Defendants' motion for summary judgment. ECF No. 145.  The Clerk of Court subsequently entered judgment in favor of Defendants on August 30, 2019.  ECF No. 148.

Defendants timely filed a Bill of Costs on September 13, 2019.  The Bill of Costs includes a supporting affidavit from Defendants' Mainland counsel, Noel C. Capps, Esq. ("Capps Affidavit"), and declaration from Defendants' local counsel, Jeffrey Hu, Esq. ("Hu Declaration").

## DISCUSSION

Defendants request $21,361.57 in costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure.  Rule 54(d)(1) states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  "Thus, Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded."  *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted).

"The presumption itself provides all the reason a court needs for awarding costs, and when a district court states no reason for awarding costs, [the appellate court] will assume it acted based on that presumption."  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).  "To overcome this presumption, the losing party must 'establish a reason to deny costs.'"  *Seven Signatures Gen. Partnership v. Irongate Azrep BW LLC*, 871 F. Supp. 2d 1040, 1047 (D. Haw. 2012) (quoting *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006)).

While courts have discretion to award costs pursuant to Rule 54(d), "courts may tax only those costs defined in 28 U.S.C. § 1920." *Yasui v. Maui Elec. Co.*, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999) (other citations omitted) (citing *Aflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 176 (9th Cir. 1990) (providing that § 1920 enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d))). Section 1920 enumerates costs taxable to the prevailing party:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Defendants' Bill of Costs seeks costs for service of a subpoena, transcripts, copying documents, and witness fees. The Court addresses Defendants' specific requests and Plaintiffs' objections to each request in turn.

A.      Costs for Service of a Subpoena

Defendants seek $77.49 in costs for service of a subpoena.  Plaintiffs do not object to this request.  *See* ECF No. 152 at 1-2.  Section 1920(1) allows recovery for "[f]ees of the clerk and marshal[.]"  28 U.S.C. § 1920(1).  Pursuant to Local Rule 54.1(f), "[f]ees for the service of process and service of subpoenas by someone other than the marshal are allowable, to the extent they are reasonably required and actually incurred."  LR54.1(d)(f)(1).

According to the Hu Declaration, Defendants incurred $77.49 in costs to serve a subpoena on the State of Hawaii Department of Health ("DOH") for records related to Mr. Pell's injuries.  *See* ECF No. 150-3 at 3.  This amount consists of $65.00 for service of the subpoena, $9.00 for mileage, and $3.49 for GET.  *See* ECF No. 150-3 at 10.  The Hu Declaration states that Defendants initially attempted to obtain the records through a "Request to Access Government Records" and communications with the DOH's deputy attorney general.  *Id.* at 3.  The Hu Declaration states that Defendants ultimately needed to serve a subpoena on the DOH to obtain the records.  *Id.*

Based on the foregoing, and given the lack of objection from Plaintiffs, the Court finds that the costs for service of the subpoena were reasonably necessary.  The

Court thus recommends that the district court award Defendants $77.49 for costs incurred for service of the subpoena on DOH.[1]

B.     Transcript Costs

Defendants seek $14,813.78 for transcript costs. This amount consists of (1) $14,449.17 for oral deposition transcripts, and (2) $364.61 for court proceeding transcripts. Plaintiffs do not object to this request. *See* ECF No. 152 at 1-2.

Section 1920(2) allows recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(2). Local Rule 54.1 limits an award for transcript costs to the "cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case . . . ." LR54.1(f)(2). In addition, Local Rule 54.1 provides that "[a] deposition need not be introduced in evidence or used at trial, so long as, at the time it was taken, it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery." *Id.*

The Court has carefully reviewed Defendants' submissions regarding their request for transcript costs. *See* ECF No. 150-2 at 12-27, 139-77; ECF No. 150-3 at 3-6, 13-19. Based on Defendants' submissions and the Court's familiarity with this case, and given the lack of objection from Plaintiffs, the Court finds that the costs for

---

[1] This amount consists of $65.00 for service of the subpoena, $9.00 for mileage, and $3.49 for GET.

6

oral deposition and court proceeding transcripts were necessarily obtained for use in the case. The Court thus recommends that the district court award Defendants $14,813.78 for transcript costs.[2]

C.    Copying Costs

Copying costs are taxable under § 1920. *See* 28 U.S.C. § 1920(3), (4). Local Rule 54.1(f) provides, in relevant part: "The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied." LR54.1(f)(4). "[T]he practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable." *Id.* Moreover, Local Rule 54.1(f) provides that "[t]he cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not taxable." *Id.*

Defendants request $6,460.30 for copying costs. Of this amount, $3,197.10 is costs for copies of records subpoenaed from third-parties, and the remaining $3,263.20 is for other copying costs.

---

[2] This amount consists of: (1) $14,449.17 for oral deposition transcripts; and (2) $364.61 for court proceeding transcripts.

1.      Costs for Copies of Records Subpoenaed from Third-Parties

Defendants request $3,197.10 for costs for copies of subpoenaed medical, financial, and other records regarding Mr. Pell from third-parties.  *See* ECF No. 150-2 at 5-11, 30-137.  Plaintiffs do not object to this request.  *See* ECF No. 152 at 1-2.  Based on Defendants' submissions, and given the lack of objection from Plaintiffs, the Court finds that such costs are reasonable and the copies were necessarily obtained for use in the case.  The Court thus recommends that the district court award Defendants $3,197.10 for costs for copies of the subpoenaed records.

2.      Other Copying Costs

Defendants request $3,263.20 for other copying costs.  Of this amount, $409.00 is for "copies of pleadings and other documents delivered to Plaintiffs' two counsel and/or the Court."  ECF No. 150-3 at 2.  The Hu Declaration states that this request represents copies of 4090 pages at $0.10 per page.  *See id.*  The Hu Declaration also states that the foregoing request "do[es] not consist of copies made for [Plaintiffs' attorneys'] own files and/or convenience."  *Id.*  Plaintiffs do not object to this request.  *See* ECF No. 152 at 1-2.

Based on the foregoing, and given the lack of objection from Plaintiffs, the Court finds that such costs are reasonable and the copies were necessarily obtained for use in the case.  The Court thus recommends that the district court award Defendants $409.00 for copying costs.

The remaining $2,854.20 of the $3,263.20 Defendants seek for other copying costs pertains to costs for copies of medical records Defendants provided to their expert witnesses. *See* ECF No. 150-2 at 27-28. The Capps Affidavit asserts that "each expert requested [hard copies] in lieu of electronic copies . . . ." *Id.* at 27. Plaintiffs object to this request, arguing that the costs were unnecessary because electronic copes of the subject medical records should have sufficed. *See* ECF No. 152 at 2-3. The Court agrees.

Based on the statements in the Capps Affidavit, the hard copies of medical records Defendants provided to their experts were solely for the convenience of the experts. As set forth above, costs for copies obtained for the convenience of a party are not taxable. *See* LR54.1(f)(4). Defendants offer no other basis establishing that the subject copies were necessarily obtained for use in the case. The Court thus finds that Defendants are not entitled to costs for the copies of medical records provided to their experts. Accordingly, the Court recommends that the district court deny Defendants' request for $2,854.20 for copying costs.

In sum, the Court recommends that the district court award Defendants $3,606.10 for copying and printing costs.[3]

---

[3] This amount consists of: (1) $3,197.10 for costs for copies of records subpoenaed from third-parties; and (2) $409.00 for other copying costs.

9

D.     Witness Fees

Witness fees are taxable pursuant to § 1920(3).  Local Rule 54.1(f)(3) further specifies that "[p]er diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821."  Section 1821 limits recovery of witness fees to $40.00 per day and reasonable travel expenses "at the most economical rate reasonably available" on a common carrier.  28 U.S.C. § 1821(b), (c)(1); *see also Clausen v. MIV New Carissa*, 339 F.3d 1049, 1064 (9th Cir. 2003) (stating that witness fees are taxable costs under § 1920(3), but are limited to $40 per day under 28 U.S.C. § 1821(b)).

Defendants request $10.00 for witness fees paid in connection with the records subpoena Defendants served on DOH.  *See* ECF No. 150-3 at 3, 8.  Plaintiffs do not object to this request.  *See* ECF No. 152 at 1-2.  Based on the Court's finding that the costs for service of the DOH subpoena was reasonably necessary, and given the lack of objection from Plaintiffs, the Court finds that the witness fees paid in connection with the DOH subpoena were reasonably necessary.  The Court further finds that Defendants' request is within the amount permissible under § 1821.  The Court thus recommends that the district court award Defendants $10.00 for witness fees.

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Defendants' Bill of Costs.

10

Specifically, the Court RECOMMENDS that the district court tax costs in favor of Defendants as follows:

|     |                              |             |
|-----|------------------------------|-------------|
| (A) | Costs for Service of Subpoenas | $77.49    |
| (B) | Transcript Costs             | $14,813.78  |
| (C) | Copying and Printing Costs   | $3,606.10   |
| (D) | Witness Fees                 | $10.00      |
|     | **TOTAL**                    | **$18,507.37**[4] |

The Court RECOMMENDS that the district court deny Defendants' request for costs in all other respects.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 24, 2019.



Kenneth J. Mansfield
United States Magistrate Judge

*Pell, et al. v. HMC Kea Lani LP, et al.*, Civil No. 17-00529 DKW-KJM; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS HMC KEA LANI LP AND CCFH MAUI LLC'S BILL OF COSTS

---

[4] This amount includes applicable GET to the extent Defendants requested GET in the Bill of Costs.