IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVE PELL; DIONNA PELL; J.P. & L.P., minors; ERIN BARENS; SHANNON BAILEY; EMMA PELL; and STEVI PELL,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>HMC KEA LANI LP; CCFH MAUI LLC; JOHN DOES 1-5; JOHN DOE CORPORATIONS 1-5; JOHN DOE PARTNERSHIPS 1-5; ROE NON-PROFIT CORPORATIONS 1-5; and ROE GOVERNMENTAL AGENCIES 1-5,<br><br>　　　　　　Defendants. | CIVIL NO. 17-00529 DKW-KJM<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS HMC KEA LANI LP AND CCFH MAUI LLC'S MOTION FOR NON-TAXABLE COSTS |

FINDINGS AND RECOMMENDATION TO GRANT
DEFENDANTS HMC KEA LANI LP AND CCFH
MAUI LLC'S MOTION FOR NON-TAXABLE COSTS

On September 18, 2019, Defendants HMC Kea Lani LP and CCFH Maui LLC (collectively, "Defendants") filed a Motion for Non-Taxable Costs ("Motion"). ECF No. 151. The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). After carefully considering the Motion, the applicable law, and the record in this case, the Court

FINDS AND RECOMMENDS that the district court GRANT the Motion as set forth below.

## BACKGROUND

This case arises from injuries Plaintiff Steve Pell ("Mr. Pell") sustained on October 22, 2015, while boogie boarding in the ocean fronting the Fairmont Kea Lani Resort (the "Resort") in Maui, which Defendants own and operate. Mr. Pell was paralyzed as a result of his injuries. At the time of the incident, Plaintiffs were guests at the Resort. The Amended Complaint alleged that Defendants knew that the ocean fronting the Resort posed an unreasonably dangerous condition, but failed to warn Mr. Pell of such condition.

On June 5, 2019, Defendants filed a motion for summary judgment, asserting that they satisfied their duty to warn Mr. Pell of hazardous ocean conditions, pursuant to Hawaii Revised Statutes § 486K-5.5. ECF No. 97. On August 27, 2019, the district court granted Defendants' motion for summary judgment. ECF No. 145. The Clerk of Court subsequently entered judgment in favor of Defendants on August 30, 2019. ECF No. 148.

Defendants filed the Motion on September 13, 2019. The Motion includes a supporting affidavit from Defendants' counsel, Noel C. Capps, Esq. ("Capps Affidavit"). The Capps Affidavit states that Mr. Capps met and conferred with Plaintiffs' attorney regarding the Motion, and Plaintiffs' attorney represented that

Plaintiffs do not object to the costs requested in the Motion.  *See* ECF No. 151-2 at ¶ 8 (citing ECF No. 151-5).

## DISCUSSION

FRCP Rule 54(d)(1) provides that costs, other than attorneys' fees, "should be allowed to the prevailing party."  The Local Rules provide that "[t]he party entitled to costs shall be the prevailing part in whose favor judgment is entered . . . ."  LR54.1(a).  Courts have discretion to award costs to the prevailing party.  *See Yasui v. Maui Elec. Co.*, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).  The burden is on the losing party to demonstrate why costs should not be awarded.  *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).

"Non-taxable expenses are awarded pursuant to state law in diversity cases." *CUMIS Ins. Soc., Inc. v. CU Pac. Audit Sols., LLC*, CIV NO. 14-00140 LEK-BMK, 2015 WL 13234467, at *10 (D. Haw. Nov. 20, 2015), *adopted in* 2016 WL 8710196 (D. Haw. Jan. 15, 2016) (citing *Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr.*, 250 F.3d 1234, 1236 (9th Cir. 2001)); *Pascual v. Aurora Loan Servs.*, Civil No. 10-00759 JMS-KSC, 2012 WL 5881972, at *11 (D. Haw. Oct. 31, 2012), *adopted in* 2012 WL 5881858 (D. Haw. Nov. 21, 2012) (same). Hawaii Revised Statutes ("HRS") § 607-9 expressly allows for recovery of "[a]ll actual disbursements, including but not limited to, intrastate travel expenses for witnesses and counsel . . . sworn to by an attorney or a party, and deemed

reasonable by the court . . . ." HRS § 607-9.  Local Rule 54.2(f)(4) mandates that, "[i]n addition to identifying each requested nontaxable expense, the movant shall set forth the applicable authority entitling the movant to such expense and should attach copies of invoices and receipts, if possible."

Defendants seek $3,059.87 for non-taxable expenses, which consists of costs for intrastate airfare, car rentals, lodging, and transportation.  *See* ECF No. 151-2 at 3-9.  Defendants incurred these costs for their attorneys' attendance at oral depositions and hearings in this case.  *See id.*  The Court has carefully reviewed the Motion, the Capps Affidavit, and Defendants' supporting invoices and receipts.

Based on Defendants' submissions, and given the lack of objection from Plaintiffs, the Court finds that Defendants' requested costs are reasonable and compensable under HRS § 607-9.  *See Wong v. Takeuchi*, 88 Haw. 46, 54, 961 P.2d 611, 619 (1998) (holding that "[e]xpenditures for parking, rental car, and gas, while not specifically enumerated in the language of HRS § 607-9, are within the scope of 'intrastate travel expenses'"); *see also Santiago v. State of Hawaii*, CIVIL NO. 16-00583 DKW-KSC, 2018 WL 6037549, at *2 (D. Haw. Oct. 29, 2018) *adopted in* 2018 WL 6028688 (D. Haw. Nov. 16, 2018) (awarding the defendants costs for airfare, car rentals, and lodging pursuant to HRS § 607-9).  The Court thus recommends that the district court award Defendants $3,059.87 for non-taxable costs.

CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court GRANT Defendants' Motion for Non-Taxable Costs and award Defendants $3,059.87 for non-taxable costs.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 26, 2019.



Kenneth J. Mansfield
United States Magistrate Judge

*Pell, et al. v. HMC Kea Lani LP, et al.*, Civil No. 17-00529 DKW-KJM; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS HMC KEA LANI LP AND CCFH MAUI LLC'S MOTION FOR NON-TAXABLE COSTS